UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-mj-4362-JJO

UNITED STATES OF AMERICA

vs.

JOHN KEILEY LUBIN,

    Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? ___ Yes  X  No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? ___ Yes  X  No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? ___ Yes  X  No

                                          Respectfully submitted,

                                          JUAN ANTONIO GONZALEZ
                                          UNITED STATES ATTORNEY

By:   _/s/ Nardia Haye_____
       Nardia Haye
       Assistant United States Attorney
       U.S. Attorney's Office – SDFL
       Court ID No. A5502738
       99 NE 4th Street, 6th Floor
       Miami, Florida 33132
       Tel: (305) 961-9000
       Email: Nardia.Haye@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>John Kelley Lubin,<br><br><br>_Defendant(s)_ | ) ) ) ) ) ) ) Case No. 21-mj-4362-JJO |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  June 6, 2020 to November 12, 2020  in the county of  Miami-Dade  in the
 Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1343 | Wire fraud |
| 18 U.S.C. § 1028A | Aggravated identity theft |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Special Agent Brandon Amerine, FBI
_Printed name and title_

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by ___Face Time___

Date:  12/17/21 

_Judge's signature_

City and state:   Miami, Florida    Honorable John J. O'Sullivan, Chief U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brandon Amerine, being duly sworn, deposes and states as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since May 2019. I am currently assigned to the FBI Boston Division's Violent Crimes Task Force ("VCTF"). As a Special Agent with the FBI, I have conducted investigations involving bank and wire fraud, and aggravated identity theft. As a result of my training and experience, I am familiar with the tactics, methods, and techniques used to commit various types of fraud violations of federal law. I have also received specialized training regarding investigative techniques, evidence collection, and evidence preservation. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I am authorized to apply for and execute both search warrants and arrest warrants for offenses enumerated in Title 18 of the United States Code.

2. This affidavit is submitted in support of a criminal complaint charging that from at least on or about June 6, 2020, to on or about November 12, 2020, John Keiley Lubin ("LUBIN") fraudulently used someone else's personally identifiable information ("PII") on a loan application sent via wire to obtain financing for a vehicle, in violation of Title 18, United States Code, Section 1343 (wire fraud) and Title 18, United States Code, Section 1028A (aggravated identity theft).

3. The facts contained in this affidavit are based on my personal knowledge and experience, along with information provided to me by other law enforcement personnel and individuals. Because this affidavit is being submitted for the limited purpose of establishing sufficient probable cause for the requested criminal complaint, it does not constitute all the facts known to law enforcement at this time.

## **PROBABLE CAUSE**

### **Miami-Dade Police Department Arrest of LUBIN**

4. On or about February 21, 2021, Miami-Dade Police Department ("MDPD") officers conducted a traffic stop at NW 62nd Street and NW 29th Avenue on a 2019 Bentley for illegal tints and weaving in and out of traffic. When officers approached the Bentley, the front seat passenger, later identified as LUBIN, repeatedly reached inside of a bag on his lap as if trying to conceal something. After commanding LUBIN to stop reaching inside of the bag, officers directed LUBIN and the driver out of the car. An officer searched the bag for officer safety and found a revolver handgun.

5. An MDPD officer asked LUBIN for his identification and LUBIN responded that it was in his bag. The officer returned with the identification, which was a Texas driver's license. The driver's license displayed LUBIN's photograph, but it had the name, date of birth, and address of another individual later identified as C.M. After retrieving the license, the officer asked LUBIN his last name. LUBIN replied twice that his last name is "M". The officer then asked LUBIN for his date of birth and LUBIN advised that he did not know it. LUBIN then stated that's not his identification or his name, and stated that it's his cousin's picture. LUBIN eventually identified himself as John Keiley Lubin. After verifying that LUBIN did not have a permit, officers arrested LUBIN for carrying a concealed firearm.

6. Below is a photograph of the fraudulent Texas driver's license on the left, a photograph of LUBIN from his authentic Massachusetts driver's license in the center, and a photograph of LUBIN taken at the scene of the traffic stop on the right.

**[Intentionally left blank]**



### Interview of C.M.

7. On or about April 13, 2021, FBI Boston VCTF interviewed C.M. regarding the information discovered on LUBIN's identification. C.M. provided the following information:

   a. His identity was stolen in 2020 and he first became aware when a private investigator contacted him about several suspicious purchases, including two luxury vehicles: a Mercedes-Benz and a Maserati.

   b. He ran his credit report and noted suspicious items in his name, including a cellphone and several attempts to open credit cards. Additionally, he noted a June 16, 2020 auto loan for approximately $33,606 from GM Financial and another auto loan on June 24, 2020 for approximately $25,337 from Wells Fargo. C.M. advised that he did not engage in any of the transactions, including the two auto loans.

   c. C.M. advised that he had not been to Florida since approximately 2009 while he was on active military duty.

   d. The PII on the fraudulent identification LUBIN possessed is C.M.'s, but he is not familiar with anyone named John Lubin and he never gave LUBIN consent to utilize his PII.

   e. C.M. described himself as a white male, approximately 5' 8" tall, and approximately 215 pounds. A review of C.M.'s Texas Department of Motor Vehicles driver's license picture depicts a white male.

   f. On or about July 28, 2020, C.M filed a police report with the Denton County Sheriff's Office regarding his stolen identity and unlawful purchases made under his name.

### Fraudulent Auto Loans

8. LUBIN used C.M.'s information to apply for two car auto loans: a 2016 Mercedes Benz C300 and a 2015 Maserati Ghibli.

3

9. **2016 Mercedes Benz C300.** Pursuant to a subpoena, Wells Fargo, which based on my training and experience, I know is headquartered in San Francisco, California, provided a Wells Fargo auto loan application that was submitted through a virtual portal. The application purported to be requested by C.M. for $25,338 to purchase a 2016 Mercedes Benz C300 on or about May 25, 2020 from Ocean Mazda located at 9675 NW 12th Street in Doral, Florida. The loan application included C.M.'s name, date of birth, and social security number but it included a Miami address. Wells Fargo also provided a copy of the driver's license used to apply for the loan, which is identical to the license that MDPD found amongst LUBIN's possessions pictured above.

10. On or about May 10, 2021, FBI Boston VCTF interviewed the Wells Fargo Auto Vice President of Business Support Consulting (Witness #1, hereinafter "W1") regarding the auto loan. W1 advised that the application was initially flagged for proof of residence because the applicant listed a home address in Argyle, Texas, but the applicant supplemented the application with a Florida utility bill and a driver's license with a Miami address. Wells Fargo financed the loan and the money was transferred directly to the dealership, Ocean Mazda. Wells Fargo subsequently received a fraud claim from C.M. on or about July 27, 2020, as well as a supporting affidavit on a later date. On or about September 16, 2020, Wells Fargo declared the loan fraudulent, and Ocean Mazda refunded the loan to Wells Fargo.

11. **2015 Maserati Ghibli.** Pursuant to a subpoena, GM Financial, which based on my training and experience, I know is headquartered in Fort Worth, Texas, provided a GM Financial auto loan application that was submitted through a virtual portal. The application purported to be requested by C.M. for $33,606.81 to purchase a 2015 Maserati Ghibli on or about June 6, 2020, from Williamson Cadillac located at 7815 SW 104th Street in Miami. The loan application included C.M.'s name, date of birth, social security number, and a current and former Texas

address associated with C.M. GM Financial also provided a copy of the driver's license used to apply for the loan. The driver's license is identical to the license that MDPD found amongst LUBIN's possessions. The loan application caused a wire transmission to be made from the Southern District of Florida to Nevada.

12. Williamson Cadillac also provided the auto loan application that they submitted to GM Financial on behalf of C.M for the purchase amount. On or about June 15, 2021, and on or about November 8, 2021, FBI personnel interviewed a Williamson Cadillac finance department employee (Witness #2, hereinafter "W2") both telephonically and in person regarding the sale of the Maserati.

13. W2 stated that in or around June 2020, an individual claiming to be C.M. visited Williamson Cadillac, applied for, and was approved for financing to purchase a 2015 Maserati. W2 further explained that as part of the financing application process, C.M. provided a driver's license. Your Affiant reviewed a copy of that license, and it is identical to the license that MDPD found amongst LUBIN's possessions. W2 stated that once C.M.'s financing application was approved, C.M. returned to Williamson Cadillac, received the Maserati, and drove it off the dealership lot. W2 described C.M. as a black male, approximately 5'11" tall, 190 pounds, and in his 20's. On the date of LUBIN's arrest in February 2021, the arrest affidavit lists LUBIN as 6'0" tall, 240 pounds, and 27 years old.

14. On or about November 8, 2021, W2 emailed the FBI a video clip of the individual claiming to be C.M. at a dealership. W2 advised the video was taken at a different dealership, Gables Motors, and was recorded by a Gables Motors representative. The Gables Motors representative referred C.M. to Williamson Cadillac around the date C.M. purchased the Maserati

5

from Williamson Cadillac. Based on my investigation in this case, I believe the person depicted in the video is LUBIN.

15. Additionally, the FBI interviewed a Williamson Cadillac sales associate (Witness #3, hereinafter "W3"). W3 advised he had interacted with a customer named C.M. in June 2020. W3 stated his interactions included personally greeting C.M. and assisting him with acquiring a temporary tag for his newly acquired Maserati. The associate described the individual claiming to be C.M. as a black male, approximately 6'1" tall, skinny, in his mid-20's, and well-dressed.

16. Further, a review of the GM Financial subpoena return revealed that after initially securing financing, LUBIN had not made any further payments on the Maserati. The records also reflect that a GM Financial representative and the real C.M. spoke on or about July 21, 2020. C.M. informed GM Financial that he was not in Florida and did not own a GM vehicle.

17. On or about August 12, 2020, a GM Financial representative spoke to a woman named "Jada" who advised GM Financial she is the borrower's girlfriend. Based on our prior knowledge and investigation into LUBIN and his associates, FBI Boston VCTF knows that LUBIN was romantically involved with a woman named Jaida. GM Financial changed the status of C.M.'s Maserati account from "Active" to "Theft Accounts" on or about August 25, 2020. GM Financial subsequently repossessed the car on or about November 12, 2020.

### Fraudulent Apartment Rentals

18. An open-source search of C.M.'s PII revealed multiple Miami apartments rented under C.M.'s name that C.M. advised he had not acquired. After a review of subpoena results from one of the apartments, the listed phone number comes back to a WhatsApp account with LUBIN's profile picture.

19. On or about May 27, 2021, FBI Boston VCTF interviewed an employee from another apartment rented in C.M.'s name (Witness #4, hereinafter "W4"). W4 described C.M. as an African-American male, approximately 6' tall, heavy set, deep voice, not a lot of hair on top, often wore a hat and "trendy" clothes, claimed he was a music producer, and "sticks out." Further, she identified LUBIN in a double-blind photo array as the individual who claimed to be C.M.

20. Moreover, upon review of the subpoena return from that apartment, LUBIN used the same phone number that's linked to his WhatsApp account. Also, he listed his emergency contact as Jaida D. under the title of girlfriend and listed her address in Massachusetts. Lastly, the apartment provided the driver's license used to rent the apartment, which is identical to the license that MDPD found amongst LUBIN's possessions.

## CONCLUSION

21. Based on my training and experience and the facts detailed above, I respectfully submit that there is probable cause to believe that from at least on or about June 6, 2020 to on or about November 12, 2020, LUBIN committed violations of Title 18, United States Code, Sections 1343 and 1028A.

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Brandon Amerine, Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements
of Fed.R.Crim.P. 4.1 by FaceTime this 17 day of December 2021.

HONORABLE JOHN J. O'SULLIVAN
CHIEF UNTED STATES MAGISTRATE JUDGE

7